UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Cr. File No. 07-388 (PAM/JJG) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Le Guo Wu, | |
| Defendant. | |

This matter is before the Court on Defendant's Objections to the Report and Recommendation ("R&R") issued by Magistrate Judge Jeanne J. Graham on Defendant's various Motions to Supress.  The statute requires the Court to review de novo a magistrate judge's decisions on dispositive issues.  28 U.S.C. § 636(b)(1).  Having conducted the required review, the Court overrules the objections and affirms the Magistrate Judge.

**DISCUSSION**

Defendant argues that Magistrate Judge Graham erred in determining that there was probable cause for the various search warrants he challenges.  Defendant's Objections to the R&R separate the challenges into two types.  First, Defendant contends that there was no independent probable cause for the warrant to search his personal property because that warrant relied solely on the Indictment.  Second, Defendant contends that there was no probable cause for other warrants because there was no indication that the confidential informant and witness who provided the information in the warrants were reliable.

**A.     Personal Property Warrant**

This warrant allowed law enforcement to search Defendant's personal property after his arrest at Minneapolis/St. Paul International Airport in October 2007. Defendant contends that the only probable cause in the warrant is the Indictment.

Although the warrant lists the Indictment as providing probable cause that a crime was committed, the warrant relies on information other than the Indictment to establish the requisite probable cause for the warrant. As noted by the Magistrate Judge, the warrant lists information obtained from other warrants, from monitored telephone conversations between Defendant and the confidential informer and witness, and from Defendant's own statements to Immigration and Customs Enforcement ("ICE") officials at the airport. Taken together, the information more than sufficiently establishes probable cause for the search of Defendant's personal property. Defendant's Objections on this point are denied.

**B.     Other Search Warrants**

Defendant objects to the R&R's conclusion that the warrants for his internet e-mail records, for the search of several addresses in Philadelphia, and for longitude and latitude data from his mobile phone provider was supported by probable cause. In particular, Defendant argues that the warrants are conclusory and rely on information from "informants whose credibility and reliability is not adequately established in the affidavits." (Obj. at 4.)

The warrants relied in part on information provided by two individuals who played unrelated roles in the alleged scheme. The information each provided was consistent with information provided by the other, and with information law enforcement gathered from

other sources.  As the Magistrate Judge found, the warrants sufficiently verified the reliability of the confidential informer and witness.  Moreover, the warrants relied on other information that law enforcement independently obtained.  Thus, the warrants were supported by probable cause and Magistrate Judge Graham properly denied Defendant's challenges to those warrants.

**CONCLUSION**

For the foregoing reasons, and on all the files, record, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Objections (Docket No. 104) are **OVERRULED**; and

2. The Report and Recommendation (Docket No. 99) is **ADOPTED**.


Dated: January 30, 2008

                                            s/ Paul A. Magnuson
                                            Paul A. Magnuson
                                            United States District Court Judge